856 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles BLUNT, Plaintiff-Appellant,
Curtis Lee Tate; Eddie A. Julian, Plaintiffs,
v.
U.S. TOBACCO CO., Defendant-Appellee.
 No. 88-1169.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1988.
 
 Before KEITH, KENNEDY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner requests the appointment of counsel in his appeal from the district court's judgment dismissing his diversity claim for failure to prosecute. The matter has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, plaintiff alleged that defendant tobacco company violated his federally protected right to enjoy unadulterated tobacco products. Plaintiff complained that defendant's product, Banjo Cigarette Tobacco, was contaminated by insect bodies. Plaintiff alleged that smoking defendant's product caused him physical and psychological distress. Plaintiff further complained that defendant failed to place a warning on individual tobacco packages that the product contained carcinogens. Plaintiff sought damages of one million dollars.
 
 
 3
 The district court dismissed all federal claims but allowed plaintiff to pursue tort liability claims on an implied basis of diversity jurisdiction. Defendant filed a motion to dismiss, asserting that plaintiff failed to establish a good faith claim exceeding $10,000 as required by 28 U.S.C. Sec. 1332. The magistrate construed the motion as a motion for summary judgment and, sending plaintiff a copy of Fed.R.Civ.P. 56(e), ordered plaintiff to file a response or show cause why the case should not be dismissed for failure to prosecute. Plaintiff did not respond. The magistrate then submitted a recommendation that the matter be dismissed with prejudice for plaintiff's failure to prosecute. No objections were filed. The district court adopted the magistrate's report and recommendation and dismissed the case. On appeal, plaintiff argues that dismissal was improper because he is a layman at the law.
 
 
 4
 Upon review, we conclude that plaintiff has waived his right to appeal the decision of the district court because he did not object to the magistrate's report and recommendation that the case be dismissed for the failure to prosecute. See Thomas v. Arn, 474 U.S. 140 (1985). Furthermore, despite plaintiff's status as a pro se prisoner litigant, we find that no exceptional circumstances are present which would warrant appellate review.
 
 
 5
 Accordingly, plaintiff's motion for appointment of counsel is denied. The district court's judgment of dismissal, entered February 2, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.